UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

ERIC OLIVER,

    Plaintiff,                       Case No.

vs.

ST FRANCIS HOUSE INC.
    Defendant
_____/

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

COMES NOW, Plaintiff, ERIC OLIVER, by and through his undersigned counsel, and brings this lawsuit seeking declaratory relief and injunctive relief against Defendant, ST FRANCIS HOUSE INC. for violations of the Fair Housing Act, Section 504 of the Rehabilitation Act and Title III of the Americans with Disabilities Act. The Defendant ST FRANCIS HOUSE INC. failed to make reasonable modifications in policies, practices, or procedures, and discriminated against Plaintiff ERIC OLIVER on the basis of his disability by refusing to accommodate his service animal.

### JURISDICTION & VENUE

1. This is a civil action for the denial of federally secured rights under the federal Fair Housing Act [hereafter "FHA"], 42 U.S.C. §§ 3601, et seq., 42 U.S.C.

§ 1982, the Americans with Disabilities Act of 1990, as amended; 42 U.S.C. §12181, *et seq*. [hereinafter "ADA"], and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794a [hereinafter "Section 504"].

2.  This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. §§ 3601, et seq., and § 3613.

3.  Plaintiff Eric Oliver's claims for declaratory relief are authorized by 28 U.S.C. §§ 2201 and 2202.

4.  Venue is proper in this Judicial District because venue lies in the judicial district of the property situs, and the events that give rise to this cause of action occurred in this District.

**PARTIES**

5.  Plaintiff ERIC OLIVER ("OLIVER") is a resident of ST FRRANCIS HOUSE, a homeless shelter located at 413 S. Main Street, Gainesville, FL 32604.

6.  Defendant ST FRANCIS HOUSE INC. ("ST FRANCIS HOUSE") is a Florida non-profit corporation with its principal address in Alachua County at 413 S. Main Street, Gainesville, FL 32604.

7.  The bedrooms at ST FRANCIS HOUSE are "dwellings" within the meaning of 42 USC § 3602(b) of the FHA.

8. ST FRANCIS HOUSE owns and operates a homeless shelter, which is a place of public accommodation as defined by the ADA and the regulations implementing the ADA. 28 C.F.R. § 36.104.

9. ST FRANCIS HOUSE is the recipient of Federal funding and is therefore subject to Section 504's requirement that every program within the institution comply with the civil rights requirements imposed by the receipt of Federal financial assistance.

## FACTUAL ALLEGATIONS

10. OLIVER suffers from, and has a history of suffering from atypical depressive disorder, PTSD and schizoaffective disorder bi-polar type. OLIVER suffers from frequent panic attacks.

11. OLIVER is an individual with a disability under 42 U.S.C. §12102(1)(A), 28 CFR § 36.105(a)(1)(i), because his physical and/or mental impairments substantially limit one or more of his major life activities.

12. OLIVER has a service dog named " Princess."

13. Princess performs tasks for the benefit of OLIVER which assist OLIVER with his specific disabilities.

14. Princess is a "service animal" under the ADA, 28 CFR § 36.104.

15. Princess alerts OLIVER to incipient panic attacks and provides tactile stimulation to help disrupt an emotional overload.

16. On or about April 10, 2022 OLIVER began residing in Room 2 at ST FRANCIS HOUSE.

17. OLIVER's girlfriend Cheyenne Dwiggins and his newborn daughter Serenity Oliver reside with OLIVER in Room 2 at ST FRANCIS HOUSE.

18. Serenity Oliver was born prematurely and has numerous health problems.

19. On or about April 10, 2022, OLIVER informed staff of ST FRANCIS HOUSE, including his case worker Tavia Sumpter and client advocate Paula Porter, that he relies upon a service dog to alert him to on-coming panic attacks, and requested that his need to live with Princess be accommodated.

20. OLIVER was told he could not bring his service dog to ST FRANCIS HOUSE because he did not have an ID tag indicating that PRINCESS is a "certified" service dog.

21. The ADA does not require service animals to wear a vest, ID tag or specific harness, and prevents places of public accommodation from requiring any sort of certification or identification for service animals. See Questions 8 and 17, United States Department of Justice's "Frequently Asked Questions about Service Animals and the ADA" attached hereto as Exhibit 1.

22. Because he was prohibited from having his service dog at ST FRANCIS HOUSE, OLIVER was forced to be separated from Princess for almost a month, during which time the dog was stolen.

4

23. OLIVER was finally reunited with Princess on May 5, 2022, and, fearful she could again be stolen, and because of his frequent panic attacks again sought permission to have Princess live with him and his family in his room at ST FRANCIS HOUSE.

24. Also on May 5, 2022 ST FRANCIS HOUSE's "Pastor Al" told OLIVER that OLIVER could come into the facility, but the dog could not.

25. OLIVER called the police, who came to ST FRANCIS HOUSE and attempted to educate Pastor Al regarding the requirements under the ADA to accommodate service animals. See attached incident report attached hereto as Exhibit 2.

26. Pastor Al relented and allowed Princess to spend the night of May 5th, 2022 with OLIVER and his family.

27. On the morning of May 6, 2022 Paula Porter observed that Princess was accompanying OLIVER, and demanded to be told how OLIVER had been able to bring his service dog into ST FRANCIS HOUSE.

28. OLIVER explained that the police had intervened on his behalf, to which Porter replied that the police have "nothing to do with it" and insisted that PRINCESS immediately be removed from the premises.

29. Gainesville police again visited ST FRANCIS HOUSE on May 6, 2022 and attempted to educate ST FRANCIS HOUSE staff regarding their obligation to accommodate a service animal, but the effort was for naught and ST FRANCIS

HOUSE would not relent in its demand that OLIVER remove his service animal from the premises. See Incident Report attached hereto as Exhibit 3.

30. Because of the stress of caring for a special needs infant coupled with the stress of being separated from his service dog OLIVER has had several panic attacks.

31. Without the presence of his service dog OLIVER does not have an equal opportunity to enjoy his dwelling at ST FRANCIS HOUSE.

32. OLIVER retained Attorney Marcy I. LaHart to represent him in protecting his right to be free from discrimination and enjoy equal access to the amenities provided by ST FRANCIS HOUSE.

33. OLIVER has suffered and will continue to suffer direct and indirect injury as a result of the discrimination by ST FRANCIS HOUSE until ST FRANCIS HOUSE is compelled to comply with the requirements of the FHA, ADA and Section 504.

## COUNT I
## FAILURE TO ACCOMMODATE UNDER THE FHA

34. OLIVER realleges and incorporates by reference Paragraphs 1-33 as if fully set forth herein.

35. OLIVER suffers from and has a history of suffering from mental impairments that substantially limits one or more of his major life activities and accordingly is a person with a disability as defined in the Fair Housing Act.

36.     OLIVER's service dog Princess alerts him that he is going to have a panic attack and helps OLIVER during a panic attack by providing tactile stimulation that helps ground him during periods of emotional overload.

37.     OLIVER requested that ST FRANCIS HOUSE waive its no pet rule so that he may reside with his service dog and benefit from his service dog's disabilities related assistance.

38.     ST FRANCIS HOUSE had actual knowledge of OLIVER's disabilities and need to live with his service animal.

39.     ST FRANCIS HOUSE refused to waive its no pet policy so that OLIVER could live with his service animal.

40.     Accommodation OLIVER's disability-related need to live with his service animal would not : 1) result in substantial physical damage to the property of others; 2) pose an undue financial and administrative burden upon ST FRANCIS HOUSE; or 3)fundamentally alter the nature of ST FRANCIS HOUSE's operations.

41.     ST FRANCIS HOUSE's failure to waive its no pet rule to accommodate OLIVER's disability is discriminatory and unlawful.

42.     ST FRANCIS HOUSE's actions and conduct constitute a conscious and reckless disregard for OLIVER's rights and show total indifference to OLIVE's disability.

43. Through ST FRANCIS HOUSES's conduct and acts described above, it violated 42 U.S.C. §3604(f)(3)(B), FHA, by refusing to make reasonable accommodations in its rules, policies, practices, or services, when such accommodations are necessary to afford OLIVE an equal opportunity to use and enjoy his dwelling at ST FRANCIS HOUSE.

44. The discriminatory conduct of ST FRANCIS HOUSE was intentional, willful, and taken in total disregard for OLIVER's rights.

45. As a direct and proximate result of ST FRANCIS HOUSE's failure to accommodate, OLIVER has suffered irreparable loss and injury including, but not limited to, mental anguish, loss of dignity, emotional distress, humiliation, and loss of his right to equal housing opportunities regardless of disability.

46. OLIVER seeks an injunction against ST FRANCIS HOUSE as set forth more fully below in the prayer for relief.

47. OLIVER is without adequate remedy at law and is suffering irreparable harm. WHEREFORE, Plaintiff respectfully requests the relief listed below.

## COUNT II
## FAILURE TO MAKE REASONABLE MODIFICATIONS IN VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT OF 1990

48. OLIVER realleges and incorporates by reference Paragraphs 1-33 as if fully set forth herein.

49. Title III of the ADA applies to homeless shelters, including ST. FRANCIS HOUSE. 42 U.S.C. § 12181(7)(K).

50. ST FRANCIS HOUSE owns and operates a place of public accommodation as defined in 42 U.S.C. § 12181.

51. Pursuant to 42 U.S.C. § 12182(a) and 28 C.F.R. § 36.201(a):

> *No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.*

52. Among the specific prohibitions against discrimination included in Title III of the ADA is "failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities." 42 U.S.C. §12182(b)(2)(A)(ii); 28 C.F.R. §36.302(a).

53. OLIVER suffers from mental impairments that substantially limit his major life activities and accordingly is a qualified individual with a disability within the meaning of the ADA.

54. ST FRANCIS HOUSE knew or should have known of OLIVER's disabilities.

55. OLIVER relies upon a service dog that provides task which assist OLIVER with his disability.

56. Accommodating service animals in locations where pets are prohibited is a specific example of the type of modification required by the ADA.

57. ST FRANCIS HOUSE is a place of public accommodation and is therefore required under the ADA and its regulations to provide OLIVER access when accompanied by his service dog in order to permit him equal access to and use of its facilities.

58. ST FRANCIS HOUSE refused to accommodate OLIVER's need to live with his service dog.

59. In this action OLIVER seeks an injunction to protect the rights of disabled persons, including OLIVER, to be accompanied by a service dog at ST FRANCIS HOUSE.

60. OLIVER is without adequate remedy at law and is suffering irreparable harm.

61. Pursuant to 42 U.S.C. § 12188 this Court is provided with authority to grant OLIVER Injunctive Relief, including an order to require ST FRANCIS HOUSE to

make ST FRANCIS HOUSE readily accessible and useable to OLIVER +and all other persons with disabilities as defined by the ADA by requiring ST FRANCIS HOUSE to allow service dogs.

62.  ST FRANCIS HOUSE intentionally failed to make reasonable modifications in its policies, practices, and/or procedures as necessary to afford OLIVER the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of ST FRANCIS HOUSE's premises, in violation of Title III of the Americans with Disabilities Act, 42 USC § 12182.

63.  ST FRANCIS HOUSE's refusal to allow OLIVER to access ST FRANCIS HOUSE with his service dog denies OLIVER the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of ST FRANCIS HOUSE's premises, in violation of Title III of the Americans with Disabilities Act, 42 USC § 12182.

64.  ST FRANCIS HOUSE discrimination against OLIVER is intentional and willful; the ST FRANCIS HOUSE has refused OLIVER full and equal access to the establishment having knowledge that OLIVER is a disabled individual and that Princess is his service dog.

65.  Allowing persons with disabilities to be accompanied by service dogs in ST FRANCIS HOUSE would not fundamentally alter ST FRANCIS HOUSE's

operations or impose undue administrative or financial burdens upon ST FRANCIS HOUSE.

66. Allowing persons with disabilities to be accompanied by service dogs in ST FRANCIS HOUSE is a feasible modification under the ADA.

WHEREFORE, Plaintiff respectfully requests the relief listed below.

## COUNT III
## DISCRIMINATION UNDER § 504 OF THE REHABILITATION ACT

67. OLIVER re-alleges and incorporates each of the above paragraphs numbered 1 through 33 as if fully set forth herein.

68. Section 504 of the Rehabilitation Act prohibits discrimination against otherwise qualified individuals on the basis of their disabilities by recipients of federal funding. See 29 U.S.C. § 794.

69. Under Section 504, entities receiving federal financial assistance must make reasonable accommodations in their rules, policies, and practices when necessary to avoid discriminating against a person on the basis of a disability.

70. ST FRANCIS HOUSE receives federal funding and is subject to the requirements of Section 504.

71. OLIVER is a person with a disability within the meaning of Section 504.

72. ST FRANCIS HOUSE knew or should have known of OLIVER's disability.

73. It is necessary that OLIVER be able to live with his service dog to have an equal opportunity to use and enjoy his dwelling at ST FRANCIS HOUSE.

74. OLIVER requested ST FRANCIS HOUSE allow him to be accompanied by his service dog at ST FRANCIS HOUSE.

75. ST FRANCIS HOUSE refused to allow OLIVER to be accompanied by his service dog.

76. ST FRANCIS HOUSE's acts and omissions constitute a violation of OLIVER's rights under Section 504. ST FRANCIS HOUSE's conduct constitutes an ongoing and continuous violation of Section 504 and unless restrained and enjoined from doing so, ST FRANCIS HOUSE will continue to violate Section 504. ST FRANCIS HOUSE's acts and omissions, unless enjoined, will continue to inflict irreparable injuries for which OLIVER has no adequate remedy at law.

77. ST FRANCIS HOUSE's acts and omissions were made with deliberate indifference to OLIVER'S right to be free from discrimination on the basis of his disability under § 504.

78. As a result of ST FRANCIS HOUSE's actions described above, OLIVER suffered irreparable loss and injury including, but not limited to, humiliation, embarrassment, emotional distress, and a deprivation of his rights to non-discrimination on the basis of his disabilities. In engaging in this unlawful conduct described above, ST FRANCIS HOUSE acted maliciously to damage the rights and dignity of OLIVER.

WHEREFORE, Plaintiff respectfully requests the relief listed below.

## RELIEF REQUESTED

WHEREFORE, Plaintiff ERIC OLIVER respectfully requests the following relief:

A.   Declare that ST FRANCIS HOUSE violated the Fair Housing Amendments Act by discriminating against a person with a disability by refusing to accommodate OLIVER's service dog;

B.   Declare that ST FRANCIS HOUSE's refusal to accommodate OLIVER's service dog violates the ADA and the Rehabilitation Act;

C.   Enter a preliminary and permanent injunction ordering ST FRANCIS HOUSE to make its homeless shelter accessible to disabled persons that rely upon service animals by waiving any restriction that prevents disabled persons from being accompanied by their service animals on the premises;

D.   Award OLIVER compensatory damages under the Fair Housing Amendments Act and Section 504 of the Rehabilitation Act as will fully compensate OLIVER for his injuries incurred as a result of ST FRANCIS HOUSE's discriminatory housing practices and conduct alleged herein;

E.   Award such punitive damages against ST FRANCIS HOUSE as are proper under law to punish ST FRANCIS HOUSE for its malicious and recklessly

indifferent conduct alleged herein and to effectively deter similar conduct in the future pursuant to 42 U.S.C. § 3613(c)(1);

F.     Award OLIVER reasonable costs and attorney's fees incurred herein pursuant to 42 U.S.C. § 3613(c)(2), 42 U.S.C. § 12205, and 29 U.S.C. § 794a(b); and;

G.     Award OLIVER all other applicable relief available to him under the Fair Housing Act, the Americans with Disabilities Act and Section 504 of the Rehabilitation Act;

H.     Grant such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff ERIC OLIVER demands trial by jury on all issues which can be heard by a jury.

Respectfully submitted this 9th day of May, 2022.

MARCY I. LAHART, P.A.
249 SE Tuscawilla Road
Micanopy, FL 32667
Telephone: (352) 545-7001
Facsimile:  (888) 400-1464
marcy@floridaanimallawyer.com

BY: *s/ Marcy I. LaHart*
Marcy I. LaHart, Esq.
Florida Bar No. 0967009
*Counsel for Plaintiff*

15