IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ERIC OLIVER,

    Plaintiff,

v.                                            CASE NO. 1:22cv100-MW/HTC

ST. FRANCIS HOUSE, INC.,

    Defendant.
_____/

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE OPPOSING DEFENDANT'S DISPOSITIVE MOTION FOR SUMMARY JUDGMENT

Defendant St. Francis House, Inc. ("St. Francis House") submits this reply per Local Rule 56.1(D) as Plaintiff's opposing memorandum raised new matters not addressed in the Defendant's Motion for Summary Judgment.

### PRELIMINARY STATEMENT

In the three counts of his complaint and in his deposition testimony, Plaintiff claimed his dog Princess is a "service animal" under the ADA. His opposing memorandum now concedes she is not a "service animal," and for the first time says she is an "emotional support animal" under state law or "assistance animal," terms not found in his complaint and which he denied in his deposition. "A plaintiff may not amend her complaint through argument in a brief opposing summary judgment." *Dukes v. Deaton*, 852 F.3d 1035, 1046 (11th Cir. 2017) (citation omitted).

## MEMORANDUM OF LAW

Plaintiff's complaint specifically alleges that "Princess is a '**service animal**' under the ADA, 28 CFR § 36.104." ECF No. 1 (Compl. at ¶ 14) (emphasis supplied). According to the regulation relied upon in the complaint, a "service animal" is one that is individually trained to do work or perform certain tasks not including emotional support or comfort. The regulation states:

> **Service animal means any dog that is individually trained to do work or perform tasks** for the benefit of an individual with a disability, including a physical, sensory, psychiatric, intellectual, or other mental disability… [T]he provision of emotional support, well-being, comfort, or companionship do[es] not constitute work or tasks for the purposes of this definition.

28 C.F.R. § 36.104 (e.s.).

Plaintiff's allegation that "Princess is a 'service animal" under the ADA" is relied upon and incorporated into the three counts in the complaint, each made under federal law as follows: Count I: failure to accommodate under the Fair Housing Act, 42 USC §3604(3)(B); Count II: failure to make reasonable accommodations under Title III of the Americans with Disabilities Act of 1990, 42 USC § 12182; and Count III: discrimination under the Rehabilitation Act, § 504. (Comp. at ¶¶ 34, 48, 6765) Throughout the complaint and in each count of the complaint, Plaintiff repeatedly alleges and incorporates the terms "service animal(s)" or "service dog." (Complaint at *Intro*, ¶¶ 12, 14, 19, 20, 21, 22, 25, 27, 29, 30, 31, 34, 36, 37, 38, 40, 48, 55, 56, 57, 58, 59, 61, 62, 63, 64, 65, 66, 67, 73, 74, 75, *Wherefore* at A, B, C)

2

Also, attached to the complaint and incorporated into the complaint and each of the three counts as Exhibit 1 is a Department of Justice a 9-page memo titled "Frequently Asked Questions About **Service Animals** and the ADA," ECF No. 1-1 (DOJ FAQ; Compl. at ¶¶ 21, 34, 48, 67 and Exh. 1) (e.s.). Among other things, the FAQ affirms:

> Q1: What is a service animal?
> A: Under the ADA, **a service animal is defined as a dog that has been individually trained to do work or perform tasks** for an individual with a disability …
>
> Q2: What does "do work or perform tasks" mean?
> A: **The dog must be trained to take a specific action** when needed to assist the person with a disability …
>
> Q3: **Are emotional support, therapy, comfort, or companion animals considered service animals under the ADA**?
> A: **No**. These terms are used to describe animals that provide comfort just by being with a person. Because they have not been trained to perform a specific job or task, they do not qualify as service animals under the ADA. …

ECF No. 1 (Compl. at Exh. 1)(e.s)

And attached to the complaint and incorporated into each of the three counts as Exhibit 2 is a Gainesville Police Department Incident Detail Report from May 6, 2022 where Plaintiff specifically and repeatedly told law enforcement that Princess is a "**service animal.**" ECF No. 1 (e.s.).

At his deposition, Plaintiff affirmed his position that Princess was a "service animal." He also denied that Princess was an "emotional support animal." He testified as follows:

> [St. Francis] said the resident must have a note from a licensed medical or mental health provider verifying the need for an emotional support animal. One, **she's not an emotional support animal. She's a psychiatric service animal.** Second of all, I do not have to give that.

ECF No. 42-1 (Oliver Dep. 44) (e.s.).

Defendant's Motion for Summary Judgment provided analysis and argument that Princess is not a "service animal" under the ADA. ECF No. 31 (Motion).

In his Response, Plaintiff has conceded the fact that Princess is not a "service animal" under the ADA and that his dog "has not been trained to perform these tasks[.]" ECF No. 38 (Response at 2). Instead, Plaintiff now claims for the first time that "whether or not Princess is a service animal, unequivocally Princess is an "emotional support animal," referencing § 760.27, Fla. Stat., or an "assistance animal." ECF No. 38 (Response at 9-10). Plaintiff's new claim is not only inconsistent with both his complaint and deposition testimony, by raising it for the first time in his Response, it is an improper attempt to amend the complaint which should be stricken. "At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint… a plaintiff may not amend her complaint through argument in a brief opposing summary judgment." *White v. Beltram Edge Tool Supply, Inc.*, 789 F.3d 1188, 1200 (11th Cir. 2015)

4

(quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1314 (11th Cir. 2004)) (cleaned up).

Notably, the Declaration of Plaintiff filed in support of the Response does not identify his dog as a "service animal," the term used in his complaint, the attached exhibits including his report to the police, and in his deposition. His declaration also does not label his dog an "assistance animal," or "emotional support animal," the terms now used in his Response. ECF 40. By raising these two new terms and claims in his Response while avoiding the same language in his declaration, Plaintiff improperly attempts to avoid attack under the sham affidavit or sham pleading doctrine. *See Van T. Junkins & Assocs., Inc. v. U.S. Indus., Inc.*, 736 F.2d 656, 657 (11th Cir. 1984) ("When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony.") Again, Oliver "may not amend [his] complaint through argument in a brief opposing summary judgment." *Dukes*, 852 F.3d at 1046.

While Plaintiff's Response claims for the first time that his dog is an "assistance animal," it does not provide a legal definition of "assistance animal," leaving St. Francis House and this Court to speculate about his Plaintiff's new claim. "Speculation does not create a *genuine* issue of fact; instead, it creates a false issue,

5

the demolition of which is a primary goal of summary judgment." *Giles v. Winn-Dixie Montgomery, LLC*, 574 Fed. Appx. 892, 894 (11th Cir. 2014) (citations omitted) (emphasis in original). Plaintiff offers a new, unspecified legal theory to avoid defeat. This is improper.

Moreover, there is no admissible evidence supporting the assertion in the Response that his dog is an "assistance animal." The sole bases offered in support of this assertion is Plaintiff's generic claims via his own declaration which does not reference "assistance animal" and the Declaration of Riley Yates, an opining lay witness who offers hearsay and who Plaintiff makes no attempt to qualify as an expert. *See* ECF No. 40 (Exh. B, C at 20). A series of statements from Yates' declaration are plainly inadmissible as hearsay and improper opinion evidence, including Yates' having purportedly "observed that there is an obvious bond between OLIVER and Princess, and that Princess seems to have a therapeutic effect on OLIVER, and that other employees of GRACE noted that Princess had a positive impact on OLIVER's level of functioning." ECF No. 38 at 3; ECF No. 40 (Yates' Affidavit ¶ 15-16). The hearsay and improper opinion evidence, devoid of any attempt to qualify Yates as some variety of an expert, are inadmissible and should be stricken or disregarded.

Further, while Plaintiff has provided incomplete medical records attached to his Response (see ECF No. 40 at 4), those same records make no mention of an

assistance animal or any dog at all. There is simply no medical support provided for Plaintiff's request, and as the Eleventh Circuit has repeatedly stated, "the duty to make a reasonable accommodation does not simply spring from the fact that the handicapped person wants such an accommodation made." *United States v. Hialeah Hous. Auth.*, 418 F. App'x 872, 876 (11th Cir. 2011) (citing *Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1219 (11th Cir. 2008)).

The record demonstrates that – prior to his Response – Oliver never sought to have Princess considered as an "assistance animal."

As Oliver's remaining arguments fail to demonstrate the existence of a genuine dispute as to any material fact, summary judgment is due to be granted to St. Francis House on all counts.

## **CONCLUSION**

Plaintiff asked St. Francis House to admit his dog as a "service animal." That is confirmed by the police report, complaint and his deposition testimony. No reasonable jury could find otherwise. While he now concedes she is not a service animal, this concession does not permit him to rewrite the facts through his Response to Motion for Summary Judgment. Oliver may not change the goal posts and "amend [his] complaint through argument in a brief opposing summary judgment." *Dukes*, 852 F.3d at 1046. Additionally, the declarations and evidence submitted in support

of this new argument should be stricken or disregarded as inadmissible evidence as discussed above.

Accordingly, this Court should grant Defendant's Motion for Summary Judgment on all counts and grant other relief as this Court deems just and proper.

s/ Paul A. Donnelly
PAUL A. DONNELLY
Florida Bar No. 813613
paul@donnellygross.com
Conor Flynn
Florida Bar No. 1010091
s/ Conor Flynn
conor@donnellygross.com
Donnelly & Gross, P.A.
2421 NW 41st Street, Suite A-1
Gainesville, FL 32606
Tel: (352) 374-4001
Fax: (352) 374-4046
Counsel for St. Francis House

CERTIFICATE OF COMPLIANCE AS TO WORD LIMIT

I HEREBY CERTIFY that the foregoing response and memorandum contains 1,231 words.

/s/ Conor P. Flynn