IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ERIC OLIVER,

    *Plaintiff*,

v.                                Case No.: 1:22cv100-MW/HTC

ST. FRANCIS HOUSE, INC.,

    *Defendant.*

_____/

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND**

This Court has considered, without hearing, Plaintiff Eric Oliver's motion to amend his complaint. ECF No. 44. Defendant St. Francis House, Inc., filed a response in opposition. ECF No. 47. The motion is under submission and ripe for disposition.

Plaintiff moves to amend his complaint in three ways. First, he seeks to "delete the claim for relief under the Americans with Disabilities Act . . . ." ECF No. 44 at 1. Second, Plaintiff seeks to replace all references to his "service dog" with "emotional support animal." *Id.* Third, Plaintiff asks to add an allegation that he now "receives Social Security Disability Benefits based upon his mental and physical impairments." *Id.* Defendant opposes these amendments, citing "undue delay, undue prejudice, futility of amendment, and bad faith or dilatory conduct." ECF No. 47 at 1. Specific to Plaintiff's request to amend all references to a service animal,

Defendant argues that Plaintiff had ample notice to remedy this mistake but failed to do so before the discovery deadline ended—and only after Defendant noted this issue in its motion for summary judgment. *Id.* at 2–3.

When a plaintiff cannot amend as a matter of course, this Court must still grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2).[1] To determine whether amendment furthers the interests of justice, this Court must consider several factors. These factors include "undue delay, bad faith or dilatory motive . . . , repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1340 (11th Cir. 2014) (quoting *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009)).

Here, this Court declines to permit Plaintiff to amend his complaint to effectively dismiss the ADA claim without prejudice and correct all references to a service animal because of his undue delay in seeking an amendment. As Defendant notes, Plaintiff admitted in his September 27, 2022, deposition that his assistance

---

[1] Ordinarily, at this stage of the litigation, plaintiff would also be required to show good cause for amending his pleading after the deadline to do so under a Rule 16 scheduling order. The operative scheduling order in this case sets the deadline to amend any pleadings based on the agreed date in the parties Rule 26(f) Report. *See* ECF No. 18 at 2. The parties Rule 26(f) Report, however, does not include any deadline for amending pleadings. *See* ECF No. 17. Given that Plaintiff's motion to amend the complaint does not run afoul of any deadline in the scheduling order, this Court evaluates the motion under Rule 15 only.

animal was not task trained.[2] This admission occurred almost three months before the discovery deadline. Plaintiff only sought to amend his complaint to drop the ADA claim and correct any reference to a service animal once Defendant raised it in its motion for summary judgment. As a result, Defendant is prejudiced because it cannot conduct discovery on the status of Plaintiff's assistance animal—as opposed to an ADA service animal. On these facts, this Court declines to permit Plaintiff to remedy his failure to timely amend his complaint at the expense of Defendant's ability to engage in discovery. *See Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) (finding that district court properly acted within its discretion in denying plaintiffs' motion to amend one year after discovery ended); *cf. Collins v. GKD Mgmt., LP*, No. 3:19-CV-121-TCB, 2022 WL 17420791, at *3 (N.D. Ga. Aug. 31, 2022) (granting leave to amend where "[n]o dispositive motions have been filed, and discovery is on-going").

As for Plaintiff's request to amend his complaint to include an allegation that he now receives Social Security Disability Benefits based upon his mental and

---

[2] This Court notes that such a fact, as well as its legal consequences on Plaintiff's ADA claim, should have been uncovered by Plaintiff' counsel well before his client's deposition. The complaint explicitly alleges that the subject dog was a "service animal" for purposes of the ADA. *See* Doc. 1 at 3. However, 28 C.F.R. § 36.104—as well as the FAQ section located on the ADA website *and attached to Plaintiff's complaint*—makes clear that a service animal must be task-trained. *See* https://www.ada.gov/resources/service-animals-faqs/ (last updated Feb. 28, 2020); Doc. 1-1. Given the significance of this requirement, Plaintiff's counsel should have verified that Plaintiff's assistance animal was in fact a service animal prior to making including an allegation to that effect in the complaint.

physical impairments, this Court declines to permit the amendment because justice does not require it. Plaintiff's operative complaint alleges that he has a disability with ample detail. Amending his complaint to include what amounts to a new evidentiary development is unnecessary. *See Jefferson v. Myles*, 63 F. App'x 891, 893 (7th Cir. 2003) (affirming a district court's denial of a motion to amend where the new allegations "were superfluous" and "would not have cured any pleading defect.").[3]

\*   \*   \*

Plaintiff's request to amend his complaint to drop the ADA claim and correct any references to a service animal comes only after undue delay which would prejudice Defendant. As for Plaintiff's request to add an allegation regarding his recent disability determination, such an amendment is not required by the interests of justice. Accordingly, Plaintiff's motion for leave to amend his complaint, Doc. 44, is **DENIED**.

**SO ORDERED on May 2, 2023.**

s/Mark E. Walker                   
**Chief United States District Judge**

---

[3] This Court makes no determination on the admissibility of Plaintiff's Social Security disability determination at trial. Rather, this Court identifies this proposed amendment as a new evidentiary development only to explain that a complaint need not be amended with every new fact discovered as a case progresses.