IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ERIC OLIVER,

    *Plaintiff*,

v.                                  Case No.: 1:22cv100-MW/HTC

ST. FRANCIS HOUSE, INC.,

    *Defendant.*
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This Court has considered, without hearing, Defendant's motion for summary judgment and attached evidentiary materials, ECF No. 31, Plaintiff's response and evidentiary materials, ECF Nos. 38 & 40, as well as Defendant's reply, ECF No. 42. As set out below, the motion is **GRANTED in part** and **DENIED in part**.

I

This is a housing discrimination case. Plaintiff brings three Counts against Defendant, all for failure to accommodate his disability as required by various federal statutes. Count I is for failure to accommodate under the Fair Housing Act; Count II is for failure to accommodate under the Americans with Disabilities Act; and Count III is for failure to accommodate under Section 504 of the Rehabilitation Act. *See* ECF No. 1 at 6–14.

Now, the relevant standard. Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "genuine" dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Facts are "material" with respect to the substantive law if they form disputes that are not "irrelevant or unnecessary" and have the potential to "affect the outcome of the suit." *Id*. A moving party is entitled to summary judgment when the nonmoving party fails to prove an essential element of its case, an element for which the nonmoving party has the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This Court accepts the facts in the light most favorable to the nonmovant. *See Galvez v. Bruce*, 552 F.3d 1238, 1239 (11th Cir. 2008). All reasonable doubts about the facts are resolved in the nonmovant's favor. *Id.* at 1241.

## II

Next, the undisputed facts—viewed in the light most favorable to Plaintiff. In April 2022, Plaintiff and his girlfriend sought residence at Defendant's shelter after the premature birth of their daughter. Defendant provides shelter and other social services to individuals in need. Plaintiff has an animal that helps alleviate symptoms of his psychological conditions. Plaintiff's assistance animal was not task trained.

Before leaving the hospital for Defendant's shelter, Plaintiff left his assistance

animal with an individual he met at the hospital while his girlfriend gave birth. Plaintiff was then separated from his assistance animal for nearly a month. When they reunited, Plaintiff sought to bring his assistance animal into Defendant's shelter. Defendant initially refused to admit Plaintiff with his assistance animal, but eventually admitted them both. In the following days, Plaintiff's assistance animal was boarded by a local organization to receive vaccinations and other veterinary care. Once the veterinary care was administered, Plaintiff's assistance animal returned to him for the remainder of his stay at Defendant's shelter.

### III

Now, this Court addresses the parties' substantive arguments. Defendant raises several issues. First, Defendant argues that this case is moot and should be dismissed for lack of subject matter jurisdiction. Second, Defendant argues that there are no genuine disputes of material fact and that all of Plaintiff's reasonable accommodation claims fail as a matter of law. In response to Defendant's arguments on the merits, Plaintiff contends that there are genuine issues of material fact that preclude summary judgment, at least for the FHA and RA claims. This Court will discuss each issue in turn.

### A

Defendant argues that this case is moot because, prior to Plaintiff filing suit, it admitted Plaintiff's assistance animal to its shelter. This argument is misplaced.

Setting aside any application of the doctrine of voluntary cessation, Defendant's argument rests on a fundamental misunderstanding of mootness. "A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir. 1993). Lawsuits seek "meaningful relief" for past wrongs, often—like Plaintiff does here—in the form of damages. The fact that Plaintiff filed the present suit for damages to remedy a past wrong, even though Defendant ultimately halted its allegedly unlawful conduct, does not render this case moot. This argument is akin to a defendant in a battery case arguing that the underlying case is moot because they are no longer making physical contact with the plaintiff. Just because the offending conduct is no longer occurring, or that it halted before the case was filed, does not render a suit for damages moot.[1] Accordingly, Defendant's mootness argument fails.

B

Now, Plaintiff's ADA claim. Defendant argues that because Plaintiff admitted in his deposition that his assistance animal is not trained, it cannot qualify as a "service animal" under the ADA. ECF No. 31 at 25. Because Plaintiff's assistance animal is not a service animal, Defendant reasons, its failure to allow the animal to

---

[1] To the extent Defendant is arguing that the claims for declaratory and injunctive relief sought by Plaintiff are moot, that argument also fails because those remedies are forward looking. More specifically, Plaintiff seeks to either declare Defendant's past conduct unlawful or to prevent Defendant from acting unlawfully going forward. Defendant's voluntary cessation of the allegedly unlawful conduct does not make the declaratory and injunctive relief sought by Plaintiff any less meaningful for purposes of the mootness doctrine.

4

accompany Plaintiff into the shelter cannot qualify as the denial of a reasonable accommodation. *See id.* at 25–26. Plaintiff concedes as much in his response. ECF No. 38 at 2–3. Tellingly, Plaintiff previously sought to dismiss this ADA claim by amending his complaint after Defendant filed the present motion identifying this issue. *See* ECF No. 48.

Defendant is entitled to summary judgment on Plaintiff's ADA claim. To prove ADA discrimination under a failure to accommodate theory, Plaintiff must show that Defendant denied him access to its shelter with a service dog as defined by 28 C.F.R. § 36.104. *See Cordoves v. Miami-Dade Cnty.*, 92 F. Supp. 3d 1221, 1230 (S.D. Fla. 2015). While "[t]here are no requirements as to the amount or type of training that a service animal must undergo, nor the type of work or assistance that a service animal must provide," the animal must "be trained to perform tasks or do work for the benefit of a disabled individual." *Id.* (quoting *Rose v. Springfield Greene Cnty. Health Dep't,* 668 F. Supp. 2d 1206, 1214–15 (W.D. Mo. 2009)). Here, Plaintiff concedes that his assistance animal is not trained, so it cannot qualify as a service animal under 28 C.F.R. § 36.104. While this forecloses his ADA claim, it is not dispositive of his FHA and RA claims, as set out *infra*.

C

Next, Plaintiff's FHA claim. To establish a viable FHA reasonable accommodation claim, Plaintiff "must establish that (1) he is disabled or

5

handicapped within the meaning of the FHA, (2) he requested a reasonable accommodation, (3) such accommodation was necessary to afford him an opportunity to use and enjoy his dwelling, and (4) the defendants refused to make the requested accommodation." *Hawn v. Shoreline Towers Phase 1 Condo. Ass'n, Inc.*, 347 F. App'x 464, 467 (11th Cir. 2009) (citing *Schwarz v. City of Treasure Island,* 544 F.3d 1201, 1218–19 (11th Cir. 2008).

Defendant contends that the undisputed facts show that Plaintiff's cannot establish a viable FHA claim. Specifically, Defendant insists that Plaintiff cannot show that he has a disability or that his proposed accommodation was reasonable or necessary. ECF No. 31 at 29. Plaintiff responds by raising, in his view, several genuine disputes of material fact that preclude summary judgment. ECF No. 38 at 2–5. As set out below, Plaintiff is correct—there exists a genuine despite of material fact as to each element of his FHA claim that precludes summary judgment.

1

For the first prong, an individual is "handicapped" under the FHA if he has (a) "a physical or mental impairment which substantially limits one or more of such person's major life activities," (b) "a record of such impairment," or (c) is "regarded as having such an impairment." 42 U.S.C. § 3602(h). "But, a defendant 'cannot be liable for refusing to grant a reasonable and necessary accommodation if [it] never knew the accommodation was in fact necessary.' " *Hawn*, 347 F. App'x at 467

(quoting *Schwarz,* 544 F.3d at 1219). The Eleventh Circuit noted that "[o]ther circuits have held that this means that the defendant must know or reasonably be expected to know of the existence of both the handicap and the necessity of the accommodation." *Hawn*, 347 F. App'x at 467. Here, Plaintiff submits medical records from April 2022 showing that a licensed psychologist diagnosed him with several conditions, including posttraumatic stress disorder, major depressive disorder, and borderline personality disorder. ECF No. 40 at 10. Defendant's own submissions describe Plaintiff's behavior as erratic and violent. *See* ECF No. 30 at 10. From these submissions, Plaintiff establishes a genuine dispute of material fact as to whether Defendant knew or should have known of Plaintiff's disability.

2

For the second prong, although "the FHA does not define a 'reasonable accommodation,' the Eleventh Circuit has held that an accommodation is *unreasonable* if '(1) it would impose an undue financial and administrative burden on the housing provider or (2) it would fundamentally alter the nature of the provider's operations.' " *Warren v. Delvista Towers Condo. Ass'n, Inc.*, 49 F. Supp. 3d 1082, 1086 (S.D. Fla. 2014) (quoting *Schwarz,* 544 F.3d at 1220). Defendant claims that, as set out in Executive Director Lauri Schiffbauer's unsworn declaration attached to its motion for summary judgment, Plaintiff's assistance animal was unvaccinated at the time they denied it entry into the shelter. "The law does not

require," Defendant argues, "a place of public accommodation to permit entrance to an unvaccinated dog." ECF No. 31 at 25. This Court need not address this legal argument, however, because Plaintiff cites record evidence showing that Defendant did not prohibit entry to Plaintiff's assistance animal *because it was unvaccinated*. As Plaintiff sets out in his unsworn declaration, Defendant denied entry to Plaintiff's assistance animal because Plaintiff could not provide an ID tag indicating that it was a certified service animal as well as a letter from a doctor explaining why the animal was necessary. Doc. 40 at 15–17. There was no mention, in Plaintiff's telling, of any vaccination requirement. *Id.*

This factual dispute precludes summary judgment. Under Defendant's version of the facts, a jury may well find that bringing an unvaccinated assistance animal into the shelter would pose an unreasonable burden. However, under Plaintiff's version of the facts, a reasonable jury could find that Defendant refused to permit Plaintiff's assistance animal entry based on its lack of formal training—something the FHA does not require of assistance animals. *See, e.g.*, *Falin v. Condo. Ass'n of La Mer Ests., Inc.*, No. 11-61903-CIV, 2012 WL 1910021, at *3 (S.D. Fla. May 28, 2012) (finding that, while the ADA does not require the accommodation of untrained emotional support animals, such animals may still qualify as reasonable accommodations under the FHA). This Court cannot weigh the credibility of factual assertions in competing declarations at the summary judgment stage. *See Wate v.*

8

*Kubler*, 839 F.3d 1012, 1018 (11th Cir. 2016). Accordingly, there exists a genuine dispute of material fact as to the second prong of Plaintiff's FHA claim as well.

3

For the third prong of his FHA claim, Plaintiff must show that his requested accommodation was "necessary to afford [the claimant] equal opportunity to use and enjoy' " the relevant dwelling." *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, 765 F.3d 1277, 1288 (11th Cir. 2014) (quoting 42 U.S.C. § 3604(f)(3)(B)). "The word 'equal' is a relative term that requires a comparator to have meaning." *Bhogaita*, 765 F.3d at 1288 (11th Cir. 2014) (quoting *Schwarz,* 544 F.3d at 1226). "Under the FHA, the comparator is a person without a disability, and an accommodation extends an equal opportunity when it addresses the needs the disability creates." *Bhogaita*, 765 F.3d at 1288. "Thus, a "necessary" accommodation is one that alleviates the effects of a disability." *Id.*

Defendant argues that Plaintiff failed to provide "any evidence of a comparator to establish that [his] request" to have his assistance animal inside the shelter was necessary for him to have an equal opportunity to use the facility. ECF No. 31 at 29. Further, Defendant insists that the "undisputed record evidence establishes" that Plaintiff's assistance animal was not necessary for him to perform major life functions. *Id.* Plaintiff does not address Defendant's comparator argument, but he does argue that, viewing the record in the light most favorable to

9

him, the record shows that his disability worsened in the shelter he did not have assistance animal to alleviate his conditions. ECF No. 38 at 4.

First, this Court addresses Defendant's comparator argument. Defendant is correct that some comparator evidence is necessary to meet the third prong of an FHA claim, but the record is not bare on this point. The record permits the reasonable inference that other individuals without his disability could use and enjoy the shelter. As Defendant sets out in its own declarations, the shelter serves residents from a variety of backgrounds—some with health issues like Plaintiff's, others with different difficulties—and that they did not suffer a deterioration in their mental health. ECF No. 30 at 6–7. While a close call, a reasonable jury may find that this evidence shows that other residents at Defendant's shelter without Plaintiff's disability were afforded an opportunity to enjoy the residence without negative mental health effects.

Next, this Court addresses whether there is a genuine dispute of material fact as to Plaintiff's request to have his assistance animal accompany him into Defendant's shelter. Defendant insists that there is no record evidence showing that Plaintiff was substantially limited in any major life functions, but Plaintiff's declaration states otherwise:

> [My assistance animal Princess] has been very helpful to me in coping with my mental health problems. Princess senses when I am getting anxious or depressed and comes over to me and leans up against me or puts her head in my lap which helps me calm down and regain self-

10

> control. She also will bring me a toy to throw for her or try to get me to play with her when I am anxious or depressed, which distracts me from whatever is bothering me and boosts my mood. She is essential in helping me cope with all of my mental problems.

ECF No. 40 at 15. Plaintiff also states that "[t]he period I was separated from Princess was very hard on me, especially when I did not know where she was, and my mental health deteriorated. I had an even more difficult time staying calm and focusing on what I needed to do." *Id.* at 17. Defendant points to record evidence showing that Plaintiff continued to exhibit combative and erratic behavior even after being reunited with his assistance animal at the shelter. ECF No. 31 at 14. However, this evidence clashes with Plaintiff's declarations to create a genuine despite of material fact. Viewing the facts in the light most favorable to Plaintiff, this Court finds that a reasonable jury could find that his assistance animal helped ameliorate the effects of his disability—namely, helping alleviate the effects of his various psychological conditions. *See Falin*, 2012 WL 1910021 at *4 (S.D. Fla. May 28, 2012) (finding summary judgment was inappropriate where plaintiff submitted evidence that her emotional support animal alleviated "anxiety, difficulty in sleeping, and related symptoms").

This Court pauses to address an argument Defendant emphasizes in its reply brief regarding Plaintiff's use of the term "service animal" in the operative complaint. Specifically, Defendant argues that because Plaintiff's FHA and RA claims incorporate by reference his factual allegation that his assistance animal is a

11

"service dog"—rather than an emotional support animal—these claims fail as a matter of law. ECF No. 42 at 4. While this mislabeling is fatal for his ADA claim, *see supra*, it does not sink his FHA and RA claims. Both statutes permit reasonable accommodation claims related to emotional support animals. *Falin*, 2012 WL 1910021 at *3 (finding that untrained emotional support animals may still qualify as reasonable accommodations under the FHA); *Majors v. Hous. Auth. of DeKalb Cnty.*, 652 F.2d 454, 458 (5th Cir. 1981) (acknowledging that emotional support animals may qualify as reasonable accommodations under the RA).[2] In other words, instead of focusing on the formal label placed on Plaintiff's assistance animal as a result of its training, the focus of the inquiry under the FHA and RA is on the necessity of the accommodation. Accordingly, Plaintiff's misuse of the term "service animal" in the FHA and RA portion of the operative complaint is not fatal to either claim.

4

For the fourth prong of his FHA claim, Plaintiff must show that Defendants refused to accommodate his service animal. *See Bhogaita*, 765 F.3d at 1285. Defendant does not dispute that it initially denied admittance to Plaintiff's assistance

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

animal. *See, e.g.*, ECF No. 31 at 2. Accordingly, a reasonable jury could find for Plaintiff on the fourth prong of his FHA claim.[3]

\*   \*   \*

Plaintiff has shown a genuine dispute of material fact as to all four elements of his FHA claim, precluding summary judgment in Defendant's favor.

D

Finally, Plaintiff's RA claim. "The Rehabilitation Act prohibits any program or activity receiving federal funds from discriminating against otherwise qualified individuals with a disability. *Skotnicki v. Bd. of Trustees of the Univ. of Ala.*, 631 F. App'x 896, 903 (11th Cir. 2015) (citing 29 U.S.C. § 794(d)). To establish a failure to accommodate claim under the RA, Plaintiff must show that (1) he was disabled; (2) he was a qualified individual; and (3) he was discriminated against by way of Defendant's failure to provide a reasonable accommodation. *See Skotnicki*, 631 F. App'x at 903 (citing *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001)).

For the same reasons there are genuine disputes of material fact as to

---

[3] Defendant also argues that Plaintiff's FHA claim must fail because he failed to show intentional discrimination. However, Defendant's argument is misplaced. As Plaintiff notes, intentional discrimination is only one way to show an FHA violation—and separate from a failure to accommodate claim. *See Schwarz*, 544 F.3d at 1218 (analyzing an FHA reasonable accommodation claim separately from FHA claims for intentional discrimination and disparate impact).

Plaintiff's FHA claim, there are also genuine disputes of material fact as to Plaintiff's RA claim.[4] Plaintiff has cited to record evidence that would permit a reasonable jury to find that (1) he was disabled; (2) he was otherwise qualified to be admitted to Defendant's shelter; and (3) Defendant initially failed to provide a reasonable accommodation—namely, permitting Plaintiff's assistance animal to accompany him into the shelter. Defendant is not entitled to summary judgment on Plaintiff's RA claim.

Plaintiff must establish an additional element under the RA since he seeks monetary damages. Specifically, Plaintiff must show that Defendant's violation was the result of intentional discrimination, which may be proven by showing that Defendant was deliberately indifferent to his statutory rights. *McCullum v. Orlando Reg'l Healthcare Sys., Inc.*, 768 F.3d 1135, 1147 (11th Cir. 2014). "To establish deliberate indifference, a plaintiff must show that the defendant "*knew* that harm to a federally protected right was substantially likely" and "*failed* to act on that likelihood." *Id.* (quoting *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 344 (11th Cir. 2012)). "Where the substantial likelihood of harm is obvious, a jury may infer that the defendant had actual knowledge of that substantial risk of harm."

---

[4] While ADA and RA claims are generally considered together, *see Karantsalis v. City of Miami Springs*, 17 F.4th 1316, 1322 (11th Cir. 2021), the RA claim here survives despite the ADA claim failing. The ADA does not extend to the accommodation of non-service animals like Plaintiff's assistance animal, whereas the RA does. *See supra*.

*McCullum*, 768 F.3d at 1147.

While a close call, Plaintiff has cited to record evidence that would permit a reasonable jury to find that Defendant was deliberately indifferent to his statutory right to a reasonable accommodation. Plaintiff notes that Defendant changed its animal policy to permit his assistance animal nearly a month after his initial request was denied and then briefly permitted the accommodation. ECF No. 38 at 16. Also, Plaintiff cites record evidence showing that Defendant forced him to remove his assistance animal from the shelter one day after being informed by law enforcement officers that the law required such an accommodation. *Id.* at 17. Defendant offers a competing version of events which, again, is not for this Court to weigh at the summary judgment stage. Accordingly, there exists a genuine dispute of material fact as to whether Defendant acted with deliberate indifference under the RA.

IV

Plaintiff's ADA claim fails as a matter of law because, as he concedes, his assistance animal was not a "service animal" as defined by 28 C.F.R. § 36.104. Defendant is not entitled to summary judgment on Plaintiff's FHA and RA claims, however, because Plaintiff demonstrated genuine disputes of material facts as to all necessary elements of the claims. Accordingly,

**IT IS ORDERED**:

1. Defendant's motion for summary judgment, ECF No. 31, is **GRANTED in**

   part and **DENIED in part**.

2. Defendant's motion is **GRANTED** as to Count II (Plaintiff's ADA claim), which is **DISMISSED with prejudice**.

3. Defendant's motion is **DENIED** as to Plaintiff's Counts I and III (the FHA and RA claims).

4. This Court does *not* direct entry of judgment on the issues decided in this Order under Federal Rule of Civil Procedure 54(b).

5. The Clerk shall set this matter for a telephonic status conference, at which time the parties shall be prepared to discuss a trial date.

   **SO ORDERED on May 15, 2023.**

                                          s/Mark E. Walker                    
                                          **Chief United States District Judge**